# EXHIBIT A

In the Superior Court of the State of Arizona
In and ~~for the County of Maricopa~~

Case

## CV2014-003856

CIVIL COVER SHEET-NEW FILING ONLY
(Please Type or Print)

MICHAEL JEANES, CLERK
BY _A. 3Kauer_ DEP
FILED
14 JUL -1 AM 9: 44

Plaintiff's Attorney _PETER STROJNIK_

Attorney's Bar Number _006464_

Is Interpreter Needed? ☐ Yes ☒ No
If yes, language type: _____
Attorney/Pro Per Signature _____
To the best of my knowledge, all information is true and correct.

Plaintiff's Name(s): (List all)
_REWARD CARD SOLUTIONS, LLC_

Plaintiff's Address:
_____
_____
_____

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
_1st CALIFORNIA BANK, AKA_

_PACIFIC WESTERN BANK_
_AKA PACWEST BANCORP_

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC
☐ Election Challenge    ☐ Employer Sanction    ☐ Other _____

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case," as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an "**X**" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation

☐ 116 Other (Specify) _____
**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.    ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☒ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract).
☐ 135 Excess Proceeds - Sale
Construction Defects (Residential/Commercial)
☐ 136 Six to Nineteen Structures
☐ 137 Twenty or More Structures

September 1, 2011

**150-199  OTHER CIVIL CASE TYPES:**
- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Forcible Detainer
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Sexually Violent Persons (A.R.S. §36-3704)
  (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action Against Lower Courts
  (See lower court appeal cover sheet in Maricopa)
- ☐ 194 Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

**150-199  UNCLASSIFIED CIVIL CASE TYPES:**
- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court)

- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute - Other
- ☐ 159 Restoration of Civil Rights (Federal)
- ☐ 159 Clearance of Records (A.R.S. §13-4051)
- ☐ 190 Declaration of Factual Innocence(A.R.S.§12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain--Light Rail Only
- ☐ 177 Interpleader-- Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute - Discrimination
- ☐ 185 Employment Dispute - Other
- ☐ 195(a) Amendment for Marriage License
- ☐ 195(b) Amendment for Birth Certificate
- ☐ 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

ALL TRANS FINANCIAL SERVICES CREDIT UNION

ABC DEFENDANTS I-X

1   Peter Strojnik, 6464
2   **STROJNIK, P.C.**
    2415 East Camelback Road, Suite 700
3   Phoenix, Arizona 85016
    Telephone: 602-524-6602
4   Facsimile: 602-296-0135
    E-mail: *ps@strojnik.com*
5   Attorney for Plaintiff

6           **IN THE MARICOPA COUNTY SUPERIOR COURT**

7                    **STATE OF ARIZONA**

8   REWARD CARD SOLUTIONS, LLC,          ) NO.   CV2014--003856
                                         )
9                             Plaintiff, )   **CERTIFICATE OF ARBITRATON**
                                         )
10          vs.                          )
                                         )
11  1ST CALIFORNIA BANK aka PACIFIC      )
12  WESTGERN BANK aka PACWEST            )
    BANCORP, a California banking institution; )
13  ALL TRANS FINANCIAL SERVICES         )
    CREDIT UNION, LTD, an Ontario, Canada )
14  banking institution; ABC DEFENDANTS I-X, )
                             Defendants.  )
15                                       )
                                         )
16  _____ )

17

18          The above cause is not subject to compulsory arbitration.

19          RESPECTFULLY SUBMITTED this 1st day of July, 2014.

20                              **STROJNIK, P.C.**

21

22                              By: Peter Strojnik
                                Attorney for Plaintiff
23

24

25

                                  -1-

1 Peter Strojnik, 6464
2 **STROJNIK, P.C.**
2415 East Camelback Road, Suite 700
3 Phoenix, Arizona 85016
Telephone: 602-524-6602
4 Facsimile: 602-296-0135
E-mail: *ps@strojnik.com*
5 Attorney for Plaintiff

> ORIGINAL

6                **IN THE MARICOPA COUNTY SUPERIOR COURT**
7                         **STATE OF ARIZONA**

8 REWARD CARD SOLUTIONS, LLC,       ) NO.
9                                   )   CV2014-003856
                         Plaintiff, )
10                                  )      **SUMMONS**
       vs.                          )
11                                  )
1ST CALIFORNIA BANK aka PACIFIC     )
12 WESTGERN BANK aka PACWEST         )
BANCORP, a California banking institution; )
13 ALL TRANS FINANCIAL SERVICES     )
CREDIT UNION, LTD, an Ontario, Canada )
14 banking institution; ABC DEFENDANTS I-X, )
                         Defendants. )
15                                  )
16 _____ )

17 **TO:**

18   1. 1ST CALIFORNIA BANK aka PACIFIC WESTGERN BANK aka PACWEST BANCORP
     2. ALL TRANS FINANCIAL SERVICES CREDIT UNION, LTD
19

20 **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the
21 time applicable, in this action in this Court. If served within Arizona, you shall appear
and defend within 20 days after the service of the Summons and Complaint upon you,
22 exclusive of the day of service. If served out of the State of Arizona – whether by direct
23 mail, by registered or certified mail, or by publication – you shall appear and defend
within 30 days after the service of the Summons and Complaint upon you is complete,
24 exclusive of the day of service. When process is served upon the Arizona Director of
25 Insurance as an insurer's attorney to receive service of process against it in this State, the
insurer shall not be required to appear, answer or plead until the expiration of 40 days of

-1-

such service upon the Director.  Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service by mail is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after the Affidavit of Compliance and return receipt of Officer's Return.  **RCP 4.1 and 4.2; A.R.S. §§ 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.  YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon Plaintiff's attorney, or if Plaintiff is not represented by counsel, upon Plaintiff.**

A request for reasonable accommodations for persons with disabilities must be made to the division assigned to the case by the parties at least three (3) days before the scheduled court proceeding.

The name and address of Plaintiff is:

Peter Strojnik, Esq.
2415 East Camelback Suite 700
Phoenix, Arizona 85016

SIGNED AND SEALED this date: _____ JUL 01 2014

MICHAEL K. JEANES, Clerk

Clerk of Court

-2-

Peter Strojnik, 6464
**STROJNIK, P.C.**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *ps@strojnik.com*
Attorney for Plaintiff

**COPY**

JUL 0 1 2014

MICHAEL K. JEANES, CLERK
A. WALKER
DEPUTY CLERK

## IN THE MARICOPA COUNTY SUPERIOR COURT

### STATE OF ARIZONA

REWARD CARD SOLUTIONS, LLC,

Plaintiff,

vs.

1ST CALIFORNIA BANK aka PACIFIC WESTGERN BANK aka PACWEST BANCORP, a California banking institution; ALL TRANS FINANCIAL SERVICES CREDIT UNION, LTD, an Ontario, Canada banking institution; ABC DEFENDANTS I-X,

Defendants.

NO.

CV2014--003856

**VERIFIED COMPLAINT**

Civil Conspiracy
Aiding and Abetting
Unjust Enrichment
Accounting
Conversion
A.R.S. 13-2314.04
Federal Racketeering 18 U.S.C. 1964

For its Complaint Plaintiff alleges:

### THE PARTIES AND JURISDICTION

1.  Plaintiff REWARD CARD SOLUTIONS, LLC is a limited liability company authorized to and doing business in Maricopa County, State of Arizona ("RCS").

2.  Defendant 1ST CALIFORNIA BANK aka PACIFIC WESTGERN BANK aka PACWEST BANCORP ("1st California") is a California banking institution with its principal place of business at 10250 Constellation Blvd Suite 1640 Los Angeles, CA 90067

-1-

3. ALL TRANS FINANCIAL SERVICES CREDIT UNION, LTD. ("All Trans") is an Ontario, Canada banking institution with its principal place of business 707 – 3250 Bloor Street W. Etobicoke, ON M8X 2X9, Canada

4. ABC DEFENDANTS I-X are persons and entities whose names remain currently unknown, but whose liability to Plaintiff arises out of the transactional circumstances alleged herein.

5. The events which form the subject matter of this complaint occurred in Maricopa County and the damages suffered were suffered in Maricopa County.

## NON-PARTY CO-CONSPIRATOR, AIDER AND ABETTOR

6. DCR Strategies, Inc. ("DCR") is an Ontario, Canada corporation who conspired, aided and abetted and/or acted in vicarious capacity for and on behalf of defendants with 1st California and All Trans as more fully alleged below. DCR's principal place of business is located at 2680 Skymark Ave, Suite 420, Mississauga, Ontario. This Complaint seeks no remedies against DCR.

## PRE-PAID CREDIT CARD BUSINESS GENERALLY

7. Pre-paid credit card ("Card") processing Plaintiff is credibly informed and upon this information alleges, upon information and belief, that, generally:

a. The Card business involves the credit card company, e.g. Visa, the authorized issuer, e.g. a bank, a wholesaler, e.g. DCR, a retailer, e.g. RCS, the cardholder, e.g. John Doe, and a processor.

b. The credit card company authorizes the issuer to issue Cards on terms and conditions between them.

c. The credit card company further authorizes the issuer to enter into further authorization agreements with wholesalers for the distribution of Cards on terms and conditions between them.

d.   Pursuant to the authority between the wholesaler and the issuer, the wholesaler enters into a distribution arrangement with a retailer on terms and conditions between them.

e.   The retailer sells the Cards to cardholders on terms and conditions between them.

f.    The processor processes the debits against the Cards.

8.   In order for the process to work, generally:

a.   The credit card company and the issuer make their profit in the transaction pursuant to the terms of the credit card company – issuer agreement. Normally, this would include, but is not necessarily limited to, a part of the processing fee and, if the agreement so provides, all or part of the breakage[1].

b.   The wholesaler makes its profit from the sale of the Card to the retailer pursuant to the terms of their agreement.  Normally, this would include, but is not necessarily limited to, a sale of the Cards over the face value and, if the agreement so provides, all or part of the breakage.

c.   The retailer makes its profit from the sale of the Cards to the cardholders pursuant to the terms of their agreement. Normally, this would include, but is not necessarily limited to, a sale of the Cards over the face value and, if the agreement so provides, all or part of the breakage.

d.   The processor makes its profit through a processing fee.

## ALLEGATIONS COMMON TO ALL COUNTS

9.   At relevant times, DCR, as wholesaler, promoted and operated a customized prepaid credit card program under the service mark "TruCa$h" which enabled cardholders to access funds in order to purchase products and services ("Program").

10.  On or about May 9, 2011, RCS became involved in DCR's Program as a retailer.

---

[1] Breakage is the amount of money left on a Card after is expires.

11. During times relevant to this Complaint, DCR maintained relationships with banking institutions, including Defendants All Trans and 1st California, for the purposes of issuing Cards.

12. The precise terms of DCR's relationship with Defendants All Trans and 1st California is currently unknown to Plaintiff because neither named Defendant responded to Plaintiff's request for information.

13. Upon information and belief, DCR obtained authority from Defendants All Trans and 1st California to receive payments for Cards, to load the Cards, and to otherwise debit the Cards.

14. Defendants All Trans and 1st California retained, upon information and belief, the final authority with respect to receipt of payments and loading and debiting of Cards.

15. At times relevant hereto and related to the allegations herein, DCR acted as All Trans' and 1st California's agent.

16. RCS is unable to append, allege or deny the existence of an agreement with DCR because of existing or non-existing confidentiality provisons of the existing or non-existing RCS – DCR Agreement. This existent or non-existent agreement will be disclosed through the mandatory discovery process.

17. DCR's Program involves DCR's supplying RCS with customized pre-paid card for distribution to cardholders. The Program obligates DCR to maintain the necessary administration and processing relationship to allow for the loading of pre-paid credit cards and to provide for the withdrawal of the funds by point-of-sale transactions.

18. Beginning with May of 2011 and for approximatley two years thereafter, RCS participated in DCR's Program and purchased and paid for in excess of $25M Cards and distributed those Cards to its customers ("Cardholders").

19. DCR's issuers were Defendants All Trans and 1st California.

20. In order to satisfy the conditions of the DCR – All Trans and DCR – 1st California agreement, upon information and belief, DCR demanded that RCS deposit $200,000 into a prefunding trust account ("Prefunding Trust Account").

21. The Prefunding Trust Deposit was to be maintained with the issuer, All Trans and/or 1st California, to secure, upon information and belief, All Trans', 1st California Bank's and DCR's positions.

22. On January 12, 2012, RCS made a Prefunding Trust Deposit in the amount of $200,000.00.

23. On July 6, 2012, RCS made another $50,000.00 Prefunding Trust Deposit.

24. RCS made additional prefunding trust deposits in the amount of $74,115.92 between April 1, 2013 and June 4, 2013.

25. During the term of the relationship between RCS and DCR, DCR sold to RCS and RCS paid to DCR US$25,792,688.48 for Cards.

26. In turn, DCR purchased from All Trans and 1st California the authority to issue, load and otherwise administer US$25,792,688.48 for Cards.

27. During the relationship between DCR and RCS, DCR made a meritless claim that RCS either promised a 12% breakage or guaranteed a 12% breakage.

28. RCS neither promised nor guaranteed any such breakage.

29. As a result, DCR, either directly or indirectly, upon information and belief, received consent, or acted upon previously given consent from All Trans and 1st California, to debit 12% from the Cards previously purchased by RCS and distributed to Cardholders.

30. Upon information and belief, DCR, with the consent and help of Defendants All Trans and 1st California, debited, upon information and belief, in excess of $3.1M in prepaid Cards.

31. All Trans and 1st California knew or should have known that the debiting of Cards represented conversion and fraud.

–5–

32. All Trans and 1st California knew or should have known that the debiting of Cards harmed bonafide Cardholders who gave value for the Cards.

33. All Trans and 1st California knew or should have known that the debiting of Cards harmed RCS who paid value for the Cards but who incurred liability to the Cardholders by virtue of illegal, improper and fraudulent debiting of Cards.

## COUNT ONE
### (Civil Conspiracy)

34. Plaintiff realleges all allagations heretofore set forth.

35. Defendants All Trans and 1st California knew that the debiting of Customer's Cards was illegal, improper and fraudulent.

36. Defendants All Trans and 1st California knew or should have known that the fraudulently alleged basis for the debiting of the Cards was false and fraudulent.

37. Defendants All Trans and 1st California agreed with DCR to fraudulently debit the Cards in an amount believed to be in excess of $3.1M.

38. Defendants All Trans and 1st California and DCR acted in concert to prevent Plaintiff to obtain the benefits of the Cards, and to expose plaintiff to liability to Cardholders.

39. RCS was damaged by Defendants' All Trans' and 1st California's agreement with DCR to debit the Cards in an amount to be proven at trial, but in no event less than $3.1M.

40. Defendants' All Trans' and 1st California's acts were intentional and premeditated and intended to harm Plaintiff. . Therefore, Plaintiff is entitled to punitive damages in an amount to be proven at trial but in no event less than $3,500,000.00 each.

41. This Count arises out of contract, entitling Plaintiff to an aware of attorney's fees pursuant to A.R.S. 12-341.01.

## COUNT TWO
### (Civil Aiding and Abetting)

42. Plaintiff realleges all allagations heretofore set forth.

43. Defendants All Trans and 1st California aided and abetted DCR in accomplishing the illegal debiting of the Cards.

44. Defendants All Trans and 1st California and DCR acted in concert to prevent Plaintiff to obtain the benefits of the Cards, and to expose plaintiff to liability to Cardholders.

45. Defendants' All Trans' and 1st California's acts were intentional and premeditated and intended to harm Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be proven at trial but in no event less than $3,500,000.00 each.

46. This Count arises out of contract, entitling Plaintiff to an award of attorney's fees pursuant to A.R.S. 12-341.01.

## COUNT THREE
### (Unjust Enrichment)

47. Plaintiff realleges all allagations heretofore set forth.

48. Upon information and belief, Defendants All Trans and 1st California received a benefit from the improper and illegal debiting of credit cards by DCR through the debits imposed against the Cards.

49. The receipt of Defendants' All Trans' and 1st California's benefit at the expense of Plaintiff was unjust.

50. The cisrumstances related above are such that Defendants All Trans and 1st California should not in good conscience retain the benefit.

51. This Count arises out of contract, entitling Plaintiff to an award of attorney's fees pursuant to A.R.S. 12-341.01.

## COUNT FOUR
### (Accounting)

52. Plaintiff realleges all allegations heretofore set forth.

53. RCS entrusted the Prefunding Trust Deposits to Defendants and DCR.

54. Defendants at all times acted as RCS's fiduciary with respect to the Prefunding Trust Deposits.

55. Plaintiff demands an accounting of its Prefunding Trust Deposits improperly withheld by DCR.

56. This matter arises out of contract entitling Plaintiff to an award of attorney's fees pursuant to A.R.S. § 12-341.01.

## COUNT FIVE
### (Conversion)

57. Plaintiff realleges all allegations heretofore set forth.

58. Defendants converted the illegal debits and the Pre-Funding Trust Deposits from Plaintiff.

59. Defendants' conversion caused RCS damage.

60. Defendant committed above alleged acts with the knowledge and/or intent, or reckless disregard to Plaintiff's rights and potential harm.

61. Plaintiff is entitled to punitive damages in an amount sufficient to deter this Defendant and others similarly situated from repeating the conduct complained of herein in an amount to be proven at trial, but in no event less than $3,500,000.00.

## COUNT SIX
### (Pattern of Unlawful Activity in Violation of State Statute
### A.R.S. 13-2314.04)

62. Plaintiff realleges all allagations heretofore set forth.

63. Defendants All Trans and 1st California committed acts described in A.R.S. §13-2301(D)(4)(b) including (v) (theft) and (xx) (scheme or artifice to defraud). In particular, Defendants All Trans

and 1st California, jointly with DCR, committed theft of prepaid Cards and a scheme or artifice to defraud Cardholders by improper and illegal debiting of Cards.

64. Defendant's acts were committed for financial gain.

65. Defendant's *modus operandi* as set forth above discloses a course of illegal conduct with common external organizing principle including the affairs of the entire Defendant enterprise, to wit: Defendants and DCR were converting funds from Cardholders through a scheme or artifice.

66. Defendants' and DCR's conduct with respect to individual Cardholders, Plaintiff and others similarly situated are related in that they have the same or similar purposes, results, participants, victims or methods of commission and are otherwise interrelated by distinguishing characteristics.

67. Plaintiffs sustained a reasonably foreseeable injury to their persons by a pattern of Defendant's unlawful activity.

68. Defendant's and DCR's misconduct demonstrates a series of related predicate acts involving the Plaintiffs and others similarly situated extending over a substantial period of time that by their very nature project into the future with a threat of repetition.

69. The last predicate act of racketeering occurred within 5 years of the acts complained of herein.

70. Defendants' All Trans' and 1st California's acts were intentional and premeditated and intended to harm Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be proven at trial but in no event less than $3,500,000.00 each.

71. This matter arises out of contract entitling Plaintiff to an award of attorney's fees pursuant to A.R.S. § 13-2314 et seq.

## COUNT SEVEN
### (Federal Racketeering 18 U.S.C. 1964)

72. Plaintiff realleges all allegations heretofore set forth.

73. Defendants All Trans, 1st California and DCR are an "enterprise" as this term is defined in 18 U.S.C. § 18-1961(4).

74. Defendants and DCR devised a scheme or artifice to defraud and/or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, as more fully described above.

75. Defendants and DCR's scheme affected financial institutions, to wit, All Trans and 1st California.

76. Defendants and DCR transmitted or causes to be transmitted by means of wire in interstate and foreign commerce for the purpose of executing such scheme or artifice.

77. Defendants and DCR committed at least two violations of the wire fraud by, inter alia, debiting the Cards (each constituting a separate predicate violation).

78. The scheme involved a "racketeering activity" as defined in 18 U.S.C. § 1961(1) (B), including acts indictable under 18 U.S.C. § 1343 relating to wire fraud.

79. Pursuant to Statute, 18 U.S.C. § 1964(C) Plaintiff is entitled to recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

80. Defendant committed above alleged acts with the knowledge and/or intent, or reckless disregard to Plaintiff's rights and potential harm.

81. Plaintiff is entitled to punitive damages in an amount sufficient to deter this Defendant and others similarly situated from repeating the conduct complained of herein in an amount to be proven at trial, but in no event less than $3,500,000.00.

WHEREFORE, Plaintiff prays for relief as follows:

1. For Judgment against Defendants All Trans and 1st California in an amount to be proven at trial, but in no event less than $3,100,000.00 trebled to $9,300,000.00; and

2. For punitive damages in an amount to be proven at trial, but in no event less than $3,500,000.00; and

3. For attorney's fees pursuant to A.R.S. 12-341.01 and § 13-2314 *et seq*, and

4. For taxable costs incurred in this action; and

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by a jury.

RESPECTFULLY SUBMITTED this 1st day of July, 2014.

STROJNIK, P.C.

By: Peter Strojnik
Attorney for Plaintiff

## VERIFICATION

The undersigned authorized representative of Plaintiff having reviewed the above Complaint states upon his information and belief that the same is true and correct to the best of his knowledge, information and belief.

Dated this 1st day of July, 2014

Alex Callan
Authorized Representative

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
K. Laird, Deputy
8/1/2014 1:05:00 PM
Filing ID 6023317

Peter Strojnik, 6464
**STROJNIK, P.C.**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *ps@strojnik.com*
Attorney for Plaintiff

## IN THE MARICOPA COUNTY SUPERIOR COURT

## STATE OF ARIZONA

| | |
|---|---|
| REWARD CARD SOLUTIONS, LLC, | ) NO.  CV2014-003856 |
| | ) |
| Plaintiff, | ) **ACCEPTANCE OF SERVICE OF** |
| | ) **PROCESS** |
| vs. | ) **(FIRST CALIFORNIA BANK,** |
| | ) **predecessor to Pacific Western Bank)** |
| 1ST CALIFORNIA BANK aka PACIFIC | ) |
| WESTGERN BANK aka PACWEST | ) |
| BANCORP, a California banking | ) |
| institution; ALL TRANS FINANCIAL | ) |
| SERVICES CREDIT UNION, LTD, an | ) |
| Ontario, Canada banking institution; | ) |
| ABC DEFENDANTS I-X, | ) |
| Defendants. | ) |
| | ) |

Pursuant to Rule 4(f) of the Arizona Rules of Civil Procedure, and without making an appearance or otherwise waiving any rights to respond to the complaint or remove the case to federal court, the undersigned counsel for Defendant First California Bank, predecessor to Pacific Western Bank, hereby accepts service of the following documents:

-1-

1.  Summons; and

2.  Verified Complaint; and

3.  Certificate of Arbitration; and

4.  Non-Uniform Interrogatories to Defendants; and

5.  Request for Production of Documents to Defendants; and

6.  Uniform Contract Interrogatories to Defendants.

RESPECTFULLY SUBMITTED this 31st day of July, 2014.

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: Michael J. Finnegan
Attorney for Defendant First California Bank,
predecessor to Pacific Western Bank

-2-

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
K. Laird, Deputy
8/5/2014 6:28:00 PM
Filing ID 6030100

Peter Strojnik, 6464
**STROJNIK, P.C.**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: *ps@strojnik.com*
Attorney for Plaintiff

## IN THE MARICOPA COUNTY SUPERIOR COURT

## STATE OF ARIZONA

|  |  |
|---|---|
| REWARD CARD SOLUTIONS, LLC, | ) NO. CV2014-003856 |
| | ) |
| Plaintiff, | ) **DECLARATION OF SERVICE OF PROCESS** |
| | ) **ON DEFENDANT ALL TRANS FINANCIAL** |
| vs. | ) **SERVICES CREDIT UNION, LTD** |
| | ) **(Hague Convention)** |
| 1ST CALIFORNIA BANK aka PACIFIC | ) |
| WESTGERN BANK aka PACWEST | ) |
| BANCORP, a California banking institution; | ) |
| ALL TRANS FINANCIAL SERVICES | ) |
| CREDIT UNION, LTD, an Ontario, Canada | ) |
| banking institution; ABC DEFENDANTS I-X, | ) |
| Defendants. | ) |
| | ) |
| | ) |

The undersigned verifies that service on Defendant All Trans Financial Services Credit Union, LTD was completed through direct mail pursuant to the Hague Convention Defendant All Trans Financial Services Credit Union, LTD was served on July 15, 2014.

Attached hereto as Exhibit 1 is the Canadian post office signature of acceptance of the service by Defendant All Trans Financial Services Credit Union, LTD:

-1-

Date:   2014/08/04

Dear Sir or Madam

Please find below the scanned delivery date and signature of the recipient of the item identified below:

Item Number                 RE076926783US

Product Name                International Inbound Registered/Recommandé internation

Reference Number 1          Not Applicable

Reference Number 2          Not Applicable

Delivery Date (yyyy/mm/dd)  2014/07/15

Signatory Name              ALL TRANS

Signature



RESPECTFULLY SUBMITTED this 5TH day of August, 2014.

**STROJNIK, P.C.**

By: Peter Strojnik
Attorney for Plaintiff



Registered No. REG169267846B

Date-Stamp

To Be Completed By Post Office

| Reg. Fee | $13.65 | |
| Handling Charge | $0.00 | Return Receipt |
| Postage | $3.54 | Restricted Delivery $0.00 |

Received by

Customer Must Declare Full Value $80.00

OFFICIAL USE

Domestic Insurance up to $25,000 is included based upon the declared value. International Indemnity is limited (See Reverse).

To Be Completed By Customer (Please Print)
All Entries Must Be In Ballpoint or Typed.

FROM
Shawn IPC
2415 E Camelback Rd ste 700
Phoenix AZ 85016

TO
CanadaRevenue Officer or any officer
All TRANS FINANCIAL SERVICES UNION LTD
707-32nd Bloor St. W.
ETOBICOKE ON M8X 2X4 CANADA

PS Form 3806,    Receipt for Registered Mail    Copy 1 - Customer
May 2007 (7530-02-000-9051)    (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

English          Customer Service          USPS Mobile

Register / Sign In



Search USPS.com or Track Packages

Quick Tools                    Ship a Package        Send Mail        Manage Your Mail        Shop        Business Solutions

# USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.

---

**Tracking Number: RE076926783US**

## Product & Tracking Information

**Postal Product:**                          **Features:**
First-Class Package International Service      Registered Mail™          Return Receipt

**Available Actions**

Text Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| July 15, 2014, 10:43 am | Delivered | CANADA |

Email Updates

Your item was delivered in CANADA at 10:43 am on July 15, 2014.

| | | |
|---|---|---|
| July 15, 2014, 5:58 am | Arrival at Post Office | CANADA |
| July 14, 2014, 11:42 am | Customs clearance processing complete | CANADA |
| July 14, 2014, 11:40 am | Processed Through Sort Facility | CANADA |
| July 14, 2014, 11:40 am | Customs Clearance | CANADA |
| July 9, 2014, 9:52 am | Arrived at Sort Facility | ISC LOS ANGELES CA (USPS) |
| July 9, 2014, 9:52 am | Processed Through Sort Facility | ISC LOS ANGELES CA (USPS) |
| July 8, 2014, 5:05 am | Departed USPS Facility | PHOENIX, AZ 85026 |
| July 8, 2014, 1:37 am | Arrived at USPS Facility | PHOENIX, AZ 85026 |
| July 7, 2014, 7:11 pm | Departed Post Office | PHOENIX, AZ 85013 |
| July 7, 2014, 11:04 am | Acceptance | PHOENIX, AZ 85013 |

## Track Another Package

**What's your tracking (or receipt) number?**

[                                          ]        Track It

---

**LEGAL**              **ON USPS.COM**          **ON ABOUT.USPS.COM**        **OTHER USPS SITES**
Privacy Policy ›        Government Services ›      About USPS Home ›            Business Customer Gateway ›





**MOVING? You could WIN one of our *$1,500* monthly prizes! Purchase Mail Forwarding* NOW!**

*Purchase residential Mail Forwarding online at least 30 days before you move to be eligible.

 Learn more ›

**You were looking for**

Tracking Numbers: re076926783us

< EDIT

**We found**                                                                                                    Track Another

**Tracking Number: RE076926783US**

**Service: International Inbound Registered**

**Accepted**                                                              **Delivered**

Date received:                                                            2014/07/15
2014/07/14

GET DELIVERY CERTIFICATE ›   ⑦ What is this?

**Track History**

| Date | Time | Location | Description | Retail Location | Signatory Name |
|------|------|----------|-------------|-----------------|----------------|
| 2014/07/15 | 10:43 | ETOBICOKE | Item successfully delivered | | |
| | 10:43 | | Signature image recorded for Online viewing | | |
| | 08:30 | ETOBICOKE | Item out for delivery | | **ALL TRANS** |
| | 05:58 | ETOBICOKE | Item processed at local delivery facility  Learn More | | |
| 2014/07/14 | 17:37 | MISSISSAUGA | Item processed | | |
| | 11:42 | MISSISSAUGA | Item was released by Customs and is now with Canada Post for processing | | |
| | 11:40 | MISSISSAUGA | Item has arrived in Canada and was sent for further processing. | | |
| 2014/07/09 | 09:52 | USLAXA,USA | International item processed in originating country | | |
| | 09:52 | USLAXA,USA | International item has left originating country and is en route to Canada | | |
| 2014/07/07 | 11:04 | 850139998,USA | International item mailed in originating country | | |

**Shipping Options and Features for this item**
Signature Required

**Support**

For tracking questions or issues, see Support.

**USA & International Shipping**

If your item is being shipped to the U.S.A or internationally, check the destination country's postal tracking site for more information.

**Customs**

Shipping delays due to packages held by customs are beyond our control.

How the customs process works.



**Vibrant maple!**
A great gift for nature enthusiasts and gardeners.



**Majestic moose!**
4th in the O Canada series. Collect them all!



Q: How do I sign up for a Vault account?
A: Just sign in or sign up for epost, then select My Vault.



Date:    2014/08/04

Dear Sir or Madam

Please find below the scanned delivery date and signature of the recipient of the item identified below:

Item Number                 RE076926783US

Product Name                International Inbound Registered/Recommandé internation

Reference Number 1          Not Applicable

Reference Number 2          Not Applicable

Delivery Date (yyyy/mm/dd)  2014/07/15

Signatory Name              ALL TRANS

Signature



Yours sincerely,

Customer Relationship Network

1-888-550-6333.

(From outside Canada 1 416 979-8822)

*This copy confirms to the delivery date and signature of the individual who accepted and signed for the item in question. This information has been extracted from the Canadapost data warehouse*